UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| WILLIAM H. KLINGER, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:08-cv-894-SEB-TAB |
| ) | |
| BRETT MIZE, Superintendent, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, William Klinger's petition for writ of habeas corpus must be denied and this action dismissed.

## Discussion

Klinger seeks habeas corpus relief with respect to his convictions in an Indiana state court for attempted murder and related offenses. A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). Under provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), if a state court adjudicated a constitutional claim on the merits, a federal court may grant habeas relief only "if, as relevant here, a state court unreasonably applies clearly established federal law, meaning that it identifies the appropriate standard, but unreasonably applies it to the facts." *Curtis v. Montgomery,* 442 F.3d 578, 581 (7th Cir. 2009) (citing 28 U.S.C. § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000)). As to habeas claims which were not decided on the merits by the state courts, and hence claims not preserved for federal habeas review–claims as to which there has been a procedural default because either (1) a petitioner failed to exhaust state remedies and the court to which he would have been permitted to present his claims would now find such claims procedurally barred, *Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1990), or (2) "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment" *id.,* at 729–the habeas court may not reach the merits of such claims unless the habeas petitioner overcomes the consequences of that waiver by "demonstrat[ing] either (a) cause for the default and prejudice (i.e., the errors worked to the petitioner's '*actual* and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v.*

*McBride,* 375 F.3d 643, 649 (7th Cir. 2004)(internal citations omitted).

Klinger raises four claims in his habeas petition: 1) double jeopardy; 2) perjury by two police officers to prevent Klinger's defense on intent and ineffectiveness by his post-conviction counsel in raising this claim; 3) ineffective assistance of trial counsel; and 4) a conspiracy among the judge, Klinger's attorney and prosecutors.

*Double Jeopardy Claim.* Klinger claims that his attempted murder conviction violates double jeopardy. On direct appeal from Klinger's 1999 attempted murder conviction, Klinger only argued violations of double jeopardy under Indiana law. Accordingly, Klinger has procedurally defaulted this claim. Klinger received relief on this claim, however, when the Indiana Court of Appeals "remand[ed] to the trial court with an order to vacate Klinger's conviction for pointing a handgun and to give him credit for time served on the pointing a handgun offense." Klinger's attempted murder conviction was affirmed subject to the remand. *Klinger v. State*, No.79A02-9912-CR-873, at p.7 (Ind.Ct.App. Sept. 29, 2000) (unpublished memorandum decision).

Furthermore, on the 1998 appeal of the granting of Klinger's motion to dismiss the retrial of the attempted murder charge, the Indiana Court of Appeals recognized the clearly established federal law and reasonably applied it as to Klinger's double jeopardy claim. Specifically, the Indiana Court of Appeals recognized that double jeopardy protects where there has been an "event such as an acquittal, that terminates the original jeopardy." *Richardson v. United States*, 468 U.S. 317, 325 (1984). The failure of the jury to reach a verdict is not an event which terminates jeopardy. *Id. State v. Klinger*, 698 N.E.2d 1199, 1201 (Ind.Ct.App. 1998)(*Klinger I*). In applying the principles of *Richardson* to Klinger's case and finding that the trial court erred in granting Klinger's motion to dismiss, the Indiana Court of Appeals explained that "although the jeopardy which attached to the offense of pointing a handgun terminated when the jury returned a guilty verdict, the jeopardy which attached to the attempted murder charge, albeit interrupted in its course, never terminated." *Klinger I,* at 1202. Even if this court found a federal basis for the manner in which this claim was presented in the Indiana courts*,* Klinger has not demonstrated that the Indiana Court of Appeals' decision on this issue was an unreasonable application of federal law.

*Ineffective Assistance of Trial and Post-Conviction Counsel, Conspiracy Between Judge, Attorney and Prosecutors.* Klinger's remaining claims of ineffective assistance of trial and post-conviction counsel and his claim of conspiracy between the judge, attorney and prosecutors are raised for the first time in this habeas petition. Based on the foregoing, therefore, Klinger has committed procedural default with respect to his second, third and fourth claims by not presenting them to the Indiana state courts in the course of either his direct appeal or his action for post-conviction relief. *Kirk v. State,* 632 N.E.2d 776 (Ind.Ct.App. 1994) ("In seeking post-conviction relief, a petitioner must assert all available grounds for relief in his original post-conviction petition. P.C.R. 1(8)."). Klinger has not attempted to show the existence of circumstances which would permit him to overcome the consequences of this procedural default and the court does not discern a viable basis on which he could do so. Accordingly, the court cannot reach the merits of these claims.

Furthermore, Klinger claims he was denied the effective assistance of counsel in his action for post-conviction relief. The asserted ineffectiveness of counsel in the post-conviction action does not constitute an independent constitutional claim, however, because at that point Klinger no longer had a Sixth Amendment right to the assistance of counsel. *Szabo v. Walls,* 313 F.3d 392, 397 (7th Cir. 2003) (citing *Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987), and 28 U.S.C. § 2254(I) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.")).

## Conclusion

This court has carefully reviewed the state record in light of Klinger's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388 (7th Cir. 1997). No such established rules entitle Klinger to relief in this case. Accordingly, his petition for a writ of habeas corpus must be **denied** and this cause of action **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 02/19/2009

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana